# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN LEE LEBOON, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| EQUIFAX INFORMATION | : | |
| SERVICES, LLC | : | |
| Defendant. | : | NO. 18-1978 |

## MEMORANDUM

PRATTER, J.                                                                                                    OCTOBER 9, 2018

*Pro se* plaintiff Steven Lee Leboon brings three claims against Equifax: (1) that Equifax violated § 623(b) of the Fair Credit Reporting Act (the "FCRA") by failing to remove allegedly inaccurate information from Mr. Leboon's credit report; (2) that Equifax committed common law negligence with respect to the same, and (3) that Equifax committed civil conspiracy with respect to the same. Equifax responds with a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court grants the motion to dismiss with leave to amend because Mr. Leboon failed to adequately plead his claims.

### BACKGROUND

In ruling on this motion to dismiss, the Court must accept the facts presented in the complaint in the light most favorable to Mr. Leboon and "accept all of the allegations as true." *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994).

Steven Lee Leboon is a "consumer" as defined by § 603(c) of the FCRA. Equifax is a "consumer reporting agency" as defined by § 603(f) of the FCRA. On April 3, 2017, Mr. Leboon reviewed a copy of his credit report produced by Equifax. One of the trade lines reflected a collections account reported to Equifax by the Collections Bureau of America, acting on behalf of DS Waters of America, Inc. On April 8, 2017, Mr. Leboon informed Equifax,

1

among other things, that he believed the DS Waters trade line was "false and improper" and requested Equifax to remove it from his credit report. Mr. Leboon sent additional letters to Equifax regarding the DS Waters trade line on July 10, 2017 and July 13, 2017. A review of these letters, which are attached to Mr. Leboon's complaint, reveals that Mr. Leboon alleges that the DS Waters trade line should not have been included in the credit report for the following three reasons: (1) no court had entered judgment that he owed the balance; (2) it was not a credit account; and (3) his contract with DS Waters called for billing disputes to be resolved through arbitration.

On August 5, 2017, Equifax informed Mr. Leboon that it had "researched the collection account" and "verified that this item has been reported correctly." On May 10, 2018, Mr. Leboon filed the present complaint, asserting three claims against Equifax: (1) that Equifax violated § 623(b) of the FCRA by failing to remove allegedly inaccurate information from Mr. Leboon's credit report; (2) that Equifax committed common law negligence with respect to the same, and (3) that Equifax committed civil conspiracy with respect to the same. On June 7, 2018, Equifax filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## LEGAL STANDARD

At the outset, the Court notes that Mr. Leboon's *pro se* pleading must be "liberally construed." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *see also Bieros v. Nicola,* 839 F. Supp. 332, 334 (E.D. Pa. 1993). However, while the Court of Appeals for the Third Circuit traditionally gives *pro se* litigants "greater leeway where they have not followed the technical rules of pleading and procedure," *Tabron v. Grace*, 6 F.3d 147, n.2 (3d Cir. 1993), all parties must nonetheless follow the Federal Rules of Civil Procedure. *Thomas v. Norris*, No. 02-1854, 2006 U.S. Dist. LEXIS 64347, at *11 (M.D. Pa. Sept. 8, 2006).

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2). However, "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted) (alteration in original).

To survive a motion to dismiss, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (citation and internal quotation marks omitted).

In evaluating the sufficiency of a complaint, the Court adheres to certain well-recognized parameters. For one, the Court "must consider only those facts alleged in the complaint and accept all of the allegations as true."[1] *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994); *see also Twombly*, 550 U.S. at 555 (stating that courts must "assum[e] that all the allegations in the complaint are true (even if doubtful in fact)"); *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) ("[A] court must consider only the complaint, exhibits attached to the complaint, matters

---

[1] Mr. Leboon raises new allegations in his motion for summary judgment filed on July 15, 2018. For example, Mr. Leboon now claims that, as of June 7, 2018, Equifax has removed the DS Waters trade line from his credit report. He argues that Equifax, through this action, "has legally conceded to their violations of law and their unlawful acts of aggression." The Court does not consider these allegations here because they are not included in Mr. Leboon's complaint.

of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."). Also, the Court must accept as true all reasonable inferences emanating from the allegations, and view those facts and inferences in the light most favorable to the nonmoving party. *See Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989); *see also Revell v. Port Auth.*, 598 F.3d 128, 134 (3d Cir. 2010).

That admonition does not demand that the Court ignore or discount reality. The Court "need not accept as true unsupported conclusions and unwarranted inferences." *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183–84 (3d Cir. 2000) (citations and internal quotation marks omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *see also Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (explaining that a court need not accept a plaintiff's "bald assertions" or "legal conclusions" (citations omitted)). If a claim "is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008).

## DISCUSSION

Equifax filed this motion to dismiss under Fed. R. Civ. P. 12(b)(6) and alleges that all three of Mr. Leboon's claims fail as a matter of law. First, Equifax argues that Mr. Leboon's FCRA claim fails because, among other reasons, § 623(b) of the FCRA applies only to "furnishers of data to consumer reporting agencies," not to consumer reporting agencies themselves. Second, Equifax argues that Mr. Leboon's common law negligence claim is expressly preempted by the FCRA. Third, Equifax argues that Mr. Leboon's civil conspiracy

claim fails because Mr. Leboon's underlying claims fail. The Court agrees. For these reasons, the Court grants Equifax's motion to dismiss.

### I. Mr. Leboon's § 623(b) Claim

In Count I, Mr. Leboon alleges that Equifax violated § 623(b) of the FCRA. This provision of the FCRA, titled "Responsibilities of furnishers of information to consumer reporting agencies," imposes duties on "furnishers of information" when the consumer disputes the completeness or accuracy of information on a credit report.

To state a claim under § 623(b), Mr. Leboon must plead that (1) he filed a notice of dispute with a "consumer reporting agency"; (2) the "consumer reporting agency" notified the "furnisher of information" of the dispute; and (3) the "furnisher of information" failed to investigate and modify the inaccurate information. *Harris v. Pennsylvania Higher Educ. Assistance Agency / Am. Educ. Servs.*, No. 16-693, 2016 U.S. Dist. LEXIS 82283, at *17 (E.D. Pa. June 24, 2016), aff'd sub nom. *Harris v. Pennsylvania Higher Educ. Assistance Agency / Am. Educ. Servs.*, 696 F. App'x 87 (3d Cir. 2017).

Mr. Leboon does not claim that Equifax is a "furnisher of information"; rather, he admits in his complaint that Equifax is a "consumer reporting agency" as defined by § 603(f) of the FCRA. Compl. ¶ 9. Thus, Equifax is not subject to suit under § 623(b). *See Morrison v. Experian Info. Solutions, Inc.*, No. 12-7297, 2013 U.S. Dist. LEXIS 125921, at *5 (E.D. Pa. Sept. 4 2013) (dismissing a § 623(b) claim brought against a consumer reporting agency); *Muhammad v. Bethel-Muhammad*, No. 11-0690, 2012 U.S. Dist. LEXIS 70330, at *31-32 (S.D. Ala. May 21, 2012) ("Experian and Equifax . . . are not furnishers of information to consumer reporting agencies and so are not potentially subject to suit under [§ 623(b)].") (granting motion to dismiss). For these reasons, Count I of Mr. Leboon's complaint is dismissed.

## II. Mr. Leboon's Common Law Negligence Claim

In Count II, Mr. Leboon alleges common law negligence. However, §610(e) of the FCRA expressly preempts common law claims against consumer reporting agencies with respect to the reporting of information, including negligence, except as to false information furnished with malice or willful intent. "In other words, unless a plaintiff alleges willfulness in pursuing its common law claims, the FCRA provides the exclusive remedy." *Shannon v. Equifax Information Services, LLC*, 764 F. Supp. 2d 714, 727 (E.D. Pa Jan. 26, 2011). However, "[b]y definition, a plaintiff cannot allege willful negligence." *Id.* (citation omitted); *see also Deutshe v. Wells Fargo Bank*, No. 13-3914, 2014 U.S. Dist. LEXIS 154649, at *10 (E.D. Pa Oct. 31, 2014) ("[A] common law negligence action cannot also be malicious or willful.") (citations omitted). For these reasons, Count II of Mr. Leboon's complaint is dismissed.

## III. Mr. Leboon's Civil Conspiracy Claim

Finally, in Count III, Mr. Leboon alleges civil conspiracy. "Since liability for civil conspiracy depends on performance of some underlying tortious act, the conspiracy is not independently actionable; rather, it is a means for establishing vicarious liability for the underlying tort." *Boyanowski v. Capital Area Intermediate Unit*, 215 F.3d 396, 407 (3d Cir. 2000) (citation omitted). Therefore, "[a] verdict on the civil conspiracy should yield to a finding for the defendant on the underlying tort because the cause of action is wholly subordinate to the underlying tort's existence." *Id.* Here, the Court is dismissing Mr. Leboon's FCRA claim and his common law negligence claim. Thus, there is no underlying tort on which to base his civil conspiracy claim. For these reasons, Count III of Mr. Leboon's complaint is dismissed.

## CONCLUSION

"Complaints filed *pro se* are construed liberally, but even a *pro se* complaint must state a plausible claim for relief." *Badger v. City of Phila. Office of Prop. Assessment*, 563 F. App'x

152, 154 (3d Cir. 2014) (citation and internal quotation marks omitted). Although the complaint does not currently state a claim, the Court gives Mr. Leboon leave to file an amended complaint in the event that he can cure the above deficiencies. *Phillips*, *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008)

For the reasons set out in this memorandum, the Court grants Equifax's motion to dismiss. An appropriate order follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE